J. W. Holman *v.* E. S. Fisher, Ex'r.

1. Code of 1857, p. 379.—This statute has settled what was before doubtful, by permitting an executor or administrator to be garnisheed.

2. Effect of the Statutes Prohibiting Suits Against Insolvent Estates.—The object of this statute is two-fold: First, that the assets shall not be unnecessarily burdened with costs; and, secondly, as the funds shall be distributed upon the basis of equality among creditors, no advantage would be obtained by those who recovered judgment against the administration, over those who did not sue.

3. Its Effects Upon Garnishment Process.—A garnishment proceeding has a two-fold character. It is in the nature of a suit, and also of a final process. Hence, it does not matter whether the estate 'be solvent or insolvent, as affecting the right of the writ, or as in any wise infringing the rule that an insolvent estate shall not be sued.

4. Garnishment of Distributive Share.—The distributive share of the creditor of an insolvent estate can be garnisheed; and such proceeding does not come within the intendment and reason of the statute prohibiting suits against insolvent estates. Thrasher v. Buckingham & Co., 40 Miss. Rep., 71; Saunders v. Douglass & Hall, 3 S. & M., 454.

5. Effect of Death of Defendant in Attachment.—If the defendant dies after service of the writ, the action is not abated, but may proceed to judgment. Code 1871, § 1486. The precise effect of this statute has never been deliberately considered by this court. It was recognized as valid in Sherwood v. Houston, 41 Miss. Rep , 62.

6. Object of Section 1486, Code 1871.—The object of this statute is to authorize the court, after the attachment was served, notwithstanding the death of defendant, to proceed to judgment and sale, or final process, against the garnishee and property attached. For those purposes and to that extent, the process is strictly "*in rem.*" The judgment, in legal effect, operates upon the property, or the money in the hands of the garnishee, and controls that and nothing more.

7. Effect of Section 1476, Code 1871.—The manifest purpose of this statute was to give the plaintiff the right to conduct, as it were, two processes against the debtor at the same time—the one "*in rem,*" looking to a subjection of the attached property, or the money or effects of the debtor, in the hands of the garnishee to the payment of the plaintiff's debt; and also to a recovery "*in personam*" against him. The attachment may fail, but the personal suit may succeed.

Error to the circuit court of Carroll county.   Hon. Orlando Davis, judge.

The opinion of the court contains a sufficient statement of the case.

*D. A. Holman,* for plaintiff in error :

Contended that an executor or an administrator might be garnisheed for a debt due by his decedent.   Code of 1871, §§ 1485, 1486 ; 41 Miss., 62 ; 3 S. & M., 461, 454 ; 40 Miss., 67.

A writ of garnishment is in the nature of a final process, as to the plaintiff, and original as to the garnishee. 13 S. & M., 596 ; 38 Miss., 99. And the garnishee is regarded by the law somewhat in the light of the trustee, and as such is bound to protect the rights of all parties in the goods or credits attached in his hands. 1 Wash. C. C., 425 ; 4 Greenl., 435 ; 17 Johns, 290. A judgment cannot therefore be rendered against him until a judgment is rendered against the real defendant in the attachment. 4 S. & M., 707 ; 14 ib., 11 ; 42 Miss., 260, 511.

*James Somerville,* for defendant in error :

1. When a garnishee states the facts, and leaves the court to decide the matter of law arising thereon, no judgment can be given against him, unless it *clearly* appears that the

court would be justified in pronouncing it. Williams v. Jones, 42 Miss. R., p. 270.

2. The executor was properly discharged for the second reason assigned on the motion. A decree of insolvency is conclusive, and the assets must be distributed equally among the creditors. Saunders, adm'r, v. Planters' Bank, 2 S. & M., 287.

Payment of debts by an executor, after such decree, would be a *devastavit*, for which action would lie on the bond. Until the dividend is struck, a creditor cannot demand it. Harris v. Fisher, 5 S. & M., p. 74.

By section 1163 of the Code, suits pending against an executor or an administrator at the time the estate is declared insolvent shall not *thereby* abate, but the judgment rendered therein shall not have priority. The remedy of the creditor is to be found and enforced in the tribunal where the proceedings in insolvency are being had.

The proceeding by garnishment is, as to the garnishee, an *original suit* to recover a debt. Jeffries v. Harvie, 38 Miss. R., 97. Hence, a writ of garnishment cannot be sued out against an executor or administrator after the decree of insolvency, with any more propriety or legality than a writ of summons in debt or *assumpsit*. The general rule of law is that no person deriving his authority from law and obliged to execute it according to the rules of law, can be charged as garnishee; or, as it is sometimes expressed, property *in custodia legis* cannot be attached or garnisheed. Drake on Attachment, §§ 251, 494; Davenport v. Tilton, 10 Metcalfe R., pp. 325, 326.

Section 1485, of the Code is in derogation of the general law and will be strictly construed. It authorizes the process of garnishment against executors and administrators; but the remedy will not be extended by construction to cases where the estates have been adjudicated insolvent, and the exclusive jurisdiction of the courts of probate has attached to the subject matter, viz : the assets. The plaintiff in attachment cannot have a verdict or judgment against the garnishee, if

the defendant in the orginal suit could not have maintained an action. Drake on Attachment, p. 718. Fisher, the executor, was entitled to be discharged on his motion for the reason given in the third assignment, the nullity of the judgment against W. H. Rush. The garnishee is a trustee for all parties. Oldham v. Ledbetter, 1 How., p. 43. He must see that the judgment against the defendant is valid; if void it is no protection to him. Ford v. Hurd, 4 S. & M., p. 683. Whitehead v. Henderson, ib., p. 704. A garnishee of the defendant, in an attachment suit, owes it to himself and his creditor, to see that the proceedings against himself are regular; and to see also that the proceeding against the defendant in attachment are in due form. A judgment against a garnishee in an attachment suit, which was absolutely void, would be no bar to a subsequent action against the garnishee for the recovery of the same debt. Ford v. Hurd, *supra*. It is a universal rule of law, that a final judgment rendered against a *dead* party is void. Parker, adm'r v. Howe, 38 Miss. R., 215; 3 Yerg., 411; Girault v. Anderson, Walker R., p. 30.

SIMRALL, J., delivered the opinion of the court:

Fisher, the executor of Evans, was discharged upon his answer, on the ground either that the estate of Evans, deceased, had been declared insolvent, or that Rush, the creditor of that estate, and defendant in attachment suit of J. W. Holman, was dead, and it so appeared of record, before the judgment was rendered against him.

Fisher in his answer admitted the indebtedness of the estate of Evans to Rush, and that the dividend to which he would be entitled would amount at least to $1,200.00.

The statute has settled what was before doubtful, by permitting an executor or administrator be be garnisheed. But it is said that, inasmuch, as an executor or administrator cannot be sued after the estate has been declared insolvent, a garnishment process, which is a suit, is also prohibited. The reason of the statute is two-fold, first, that the assets

shall not be unnecessarily burdened with costs; and secondly, as the funds shall be distributed upon the basis of equality among creditors, no advantages would be obtained by those who recovered judgment against the administration, over those who did not sue.

But a garnishment proceeding has a two-fold character, it is in the nature of a suit, and also of final process. In its former aspect, a contest may arise between the plaintiff in the writ, and the garnishee, as to whether there is a debt due to the defendant in the attachment, or as to its discharge and payment, or as to the consideration, just as if this immediate creditor had sued to recover the debt. In the latter aspect, it is an effort to appropriate the effects or the debt which the garnishee owes the defendant in the attachment, to the satisfaction of the plaintiff's demand.

If, as appears from the answer of the executor, as in this case, that an indebtedness is admitted, the garnishee stands indifferent between his immediate creditor and the plaintiff in the writ. Nor does it matter whether the estate be solvent or insolvent, as affecting the right to the writ, or as in any wise infringing the rule that an insolvent estate shall not be sued. Why, sue an insolvent estate when the debt against it may be proved against it before a commissioner of insolvency? and when established in that mode, the creditor has the same benefits, as if he could have recovered a judgment. But here the plaintiff alleges, that Rush is his debtor, and a non-resident; but that the estate of Evans is indebted to Rush, and that what the estate owes Rush ought to be diverted to the payment of the plaintiff. The statute expressly allows the proceeding; but because the estate has been adjudicated insolvent, it is urged that the insolvency takes the case out of the reason and intendment of the statute. We think not. In the former case, the plaintiff would take judgment, against the administration, for the amount admitted to be owing; so far as is necessary to pay his debt. In the latter case, that is of declared insolvency, he would take judgment for the dividend awarded to the garnishee as his quota as a

creditor. The effect is to divest the distributive share of Rush, as a creditor of this insolvent estate, from himself, and to award that it be paid over to his creditor, the plaintiff in the attachment. That result does not burden the estate with costs, to the prejudice of other creditors, nor does it work any sort of prejudice to the creditors, or executor. It is of no concern to them whether the executor pays the dividend of P. Rush, to him, or to the plaintiff.

We think that there is no objection to a garnishment of the distributive share of the creditor of an insolvent estate, and that such proceeding does not come within the intendment and reason of the statute referred to as denying it. Thrasher v. Buckingham & Co., 40 Miss., 71 ; Sanders v. Douglass & Hall, 3 S. & M., 454.

But it is objected, that Rush was dead when the judgment was rendered against him, which made it void. Section 1486 of Code of 1871, is, "if defendant shall die after service of the writ of attachment, the action shall not thereby be abated, or discontinued, but shall be carried on to judgment, sale, transfer, and final determination, and all proceedings and deeds are declared to be valid in law, as if had or made in the life-time of the defendant." This provision was incorporated into the consolidated act of June 7, 1822, compiled from prior acts of 1807, 1811, 1812 and 1814, Hut. Code, 808, section 28, and was embraced in the revision of 1857, p. 382, art. 39. It was recognized as valid law in Sherwood v. Houston, 41 Miss. Rep., 62. The precise effect of this statute has (it would appear) never been very deliberately considered by the appellate court. It was declared in Tuck v. Thompson, 41 Miss. Rep., to be a universal principle that a judgment without notice is invalid. It would seem to be axiomatic that a personal judgment against a dead man would be quite as invalid as against a living party without notice. When this provision was first introduced into the attachment law, a personal judgment was not rendered against the defendant, to be satisfied by the ordinary process of *fieri facias.* The object of seizing

the estate of the debtor, under the law of 1822, was to enforce the defendant to make personal appearance. If he failed, however, to do so, then the attached property might be sold to satisfy the judgment. The procedure is described in section 25, Hutchinson's Code, page 807: "If judgment by default shall be entered against the *estate* of the defendant, no execution thereon shall issue, except against the goods  *  *  lands  *  on which the attachment shall be served," "or against the garnishee," etc. For thirty years, or more, during the existence of this feature in the statute, the attachment proceeding was in *rem* against the property, and the creditor was limited to that for his satisfaction. A personal judgment was not allowed against the debtor unless he appeared and gave bail.

The 25th section of Hutchinson's Code, 807, above cited, makes that plain. The satisfaction was confined to the property upon which a levy had been made, "or to the garnishee, who shall have money or other property in his hands belonging to the debtor." But if the defendant shall appear, put in bail, and plead to the suit, the judgment rendered shall have the same effect as if a *capias ad respondendum* had been served on the person of the defendant."

It would have been competent for the legislature to have given to the seizure of the property, under the writ, the effect of constructive notice to the defendant, for all the purposes of dealing with the property, and disposing of it, towards the payment of the plaintiff's debt. But it saw proper to adopt other means of notice, by publication, and now, in addition, notice through the mail.

We think that the original purpose of the section under review, was to authorize the court, after the attachment was served, notwithstanding the defendant's death, to proceed to a judgment and sale, or final process against the garnishee and property attached. For these purposes, and to that extent, the process is strictly *in rem*. The judgment, in legal effect, operates upon the property or the money in

the hands of the garnishee, and controls that and nothing more.

The remedy was very much enlarged by the statute of 1857. If personal service is had, or the defendant appears and pleads to the action, there may be a personal judgment. Art. 20, p. 379. But such service of process or appearance and plea, shall not affect any lien created by the attachment, * * but the proceedings, in respect to the property attached, or any garnishee summoned, shall be the same as if final judgment had been entered by default, without any appearance of the defendant." Art. 20, *supra;* Code of 1871, § 1476. The manifest purpose of this addition to former statutes, was to give the plaintiff the right to conduct, as it were, two processes against the debtor at the same time, the one *in rem* looking to a subjection of the attached property, or the money or effects of the debtor, in the hands of the garnishee, to the payment of the plaintiff's debt, and also to a recovery *in personam* against him. Such has been our exposition of it, in several cases. The attachment may fail, but the personal suit may succeed.

The appearance and plea of the defendant, Rush, made this, in addition to the attachment proceedings, a personal suit. His death after plea, but before trial and judgment, put an end to the power of the court to render a personal judgment against him. But we think that the court could proceed to deal with that branch of the case which was *in rem* against the money or effects in the possession of the garnishee. In order to obtain the fruit of the garnishment, it is necessary that a judgment should be rendered against the defendant in attachment; that judgment, however, only avails as one of the necessary means to subject the assets of the estate, in the hands of the garnishee, and when that is accomplished the judgment would have no further virtue. If we are correct in these views, Fisher ought not to have been discharged on his motion. The answer, as we understand it, admits the indebtedness of the estate of Evans to Rush. But upon information and belief, suggests that

Charles Rush, Edward Rush, William and George Rush claim the debt, as assignees of Rush in his lifetime, and requests, for the safety of the estate, that the plaintiff and these parties may be ordered to inter-plead, so that the question of "right" to the debt may be adjudicated. Very clearly, the garnishee ought not to be dismissed from the proceeding on such an answer, if the conclusion we have come to on the other questions are sound.

The judgment of the circuit court is reversed, and cause remanded for further proceeding in accordance with this opinion.