### L. M. LOWENBERG, ADMINISTRATOR, *v.* JOHN TIRONI.

ATTACHMENT.    *Death of defendant.    Trial of plea in abatement.    Revivor.    Final judgment.    Section 2466, Code* 1880, *applied.*

Section 2466 of the Code of 1880 provides, in relation to attachment, that, "if the defendant shall die after service of the writ of attachment, the action shall not thereby be abated, but shall be carried on to judgment, sale, trans-fer, and final determination, as if the defendant were still alive; and all pro-ceedings and conveyances in such cases are hereby declared to be as valid and effectual in law as if had and made in the lifetime of such defendant." Where, in such action, the plaintiff, in pursuance of the statute quoted, obtains judgment on a plea in abatement after the death of the defendant and before the appointment of an administrator of the decedent's estate, he may, after the appointment of such administrator and before final judgment, revive the suit, by *scire facias,* against the latter, for the purpose of recover-ing a personal and general final judgment. *Holman* v. *Fisher,* 49 Miss. 472, distinguished and explained.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

The case is stated in the opinion of the court.

*Birchett & Gilland,* for the appellant.

On the death of the defendant in attachment the suit is *in rem* if it be continued without revivor, and cannot afterward be revived against the administrator. Code of 1880, § 2466; *Holman* v. *Fisher,* 49 Miss. 472; *Lewenthal* v. *Miss. Mills,* 55 Miss. 101. Without the statute, § 2466 *supra,* death dissolved the attachment, and the suit abated. Drake on Attachments, § 443. This suit was to be tried *de novo* in the circuit court, and the defendant could plead to the merits *only after* judgment against him on the plea in abatement. There could be no trial on the merits until after a trial on the plea in abatement. Code of 1880, §§ 2430 and 2431.

Under said §§ 2430 and 2431 no judgment could have been rendered against King, if alive, on the merits *before* judgment on the plea in abatement; and therefore no judgment can be rendered against the administrator on the merits *before* judgment on the plea in abatement, to the trial of which the defendant or his representative must have been a living party.

At the time of the trial of the plea in abatement there was no person *in esse* who could be a party to it. It was strictly a proceeding *in rem,* not binding on the defendant or his administrator *for any purpose except to condemn the property attached.*

*A. M. Lea,* for the appellee.

The revivor in this case was necessary to enable plaintiff to avail of the security of the appeal bond, which is " conditioned for the payment of such judgment as the said circuit court may render against him " (defendant). Code, § 2352. There must be judgment against the personal representative before a valid judgment can he rendered against the *surety on this bond. Holman* v. *Fisher,* 49 Miss. 472. Under § 2466 a revivor at any earlier stage of the proceedings was wholly unnecessary. The issue in abatement and all other proceedings connected with the attachment feature of the cause were properly conducted as though " the de-

fendant was still alive." It was competent for the defense to have suggested the death and made the administrator a party, if they deemed it of advantage. Surely the plaintiff was not obliged to do so until that point in the proceedings was reached when a *personal* judgment was asked. We had a right to a judgment *for the debt*, both against the defendant and the surety on the appeal bond, and for this purpose we had a right to revive at any time before *"final judgment."* Code, § 1513; *Bates* v. *Crow*, 57 Miss. 677.

COOPER, J., delivered the opinion of the court.

Tironi sued out an attachment before a justice of the peace against one King, which was levied on certain property. King appeared and filed a plea in abatement to the writ, on which issue the plaintiff had judgment, and also recovered a judgment on the merits. King appealed the case to the Circuit Court of Warren County, and died.

Before the appointment of an administrator of his estate, the plaintiff submitted the issue on the plea in abatement to a jury and had verdict that the attachment was rightfully sued out. Afterward Lowenberg was appointed administrator of King and the plaintiff sued out a *scire facias* to revive the suit against the administrator in order that he might proceed to final judgment against the estate. The administrator pleaded to the writ that Tironi had proceeded to try the issue on the plea in abatement before the appointment of an administrator of the estate of King and had thereby lost all right to proceed further in that suit to recover a judgment *in personam*. On demurrer the plea was held insufficient, and the administrator declining to plead further, judgment was rendered against him and the sureties on the appeal bond for the plaintiff's claim.

By § 2466 of the Code it is provided: " If the defendant shall die after service of the writ of attachment, the action shall not thereby be abated, but shall be carried on to judgment, sale, transfer, and final determination, as if the defendant were still alive and such death had not occurred; and all proceedings and conveyances in such cases are hereby declared to be as valid and

effectual in law as if had and made in the lifetime of the defendant."

It is contended, on the part of the appellant, that the statute quoted gave the plaintiff the right of converting the proceedings into a suit *in rem,* and of proceeding to final judgment in the absence of any representative of the estate, in which event only the property seized would be subjected to the judgment, but that he cannot proceed under the statute until after judgment on the plea in abatement, and then revive against the personal representative with a view of obtaining a general judgment against the estate.

This argument is supported by the language of the court in *Holman* v. *Fisher, Exe'r,* 49 Miss. 472, but the court then was dealing with a case in which no administrator had ever been appointed of the estate of the defendant. The sole question in the case was whether without revivor against the administrator of the defendant the plaintiff could take judgment against the garnishee. In saying that the death of the defendant put an end to the power of the court to render a personal judgment against him, it was only meant that no such judgment could be rendered in the condition of that particular case, viz., where no revivor had been had against the personal representative.

But we see no reason why by taking judgment on the plea in abatement the plaintiff should be thereby debarred from afterward proceeding to recover a personal judgment after the appointment of an administrator. The statute gives him the right to proceed against the property attached without regarding the death of the defendant, but it does not declare that by so doing he shall lose the right of further prosecuting the case against the administrator when appointed. And where, as in this case, the appointment is made before final judgment, it is evidently to the advantage of the estate that the administrator should defend, since a judgment in his favor on the issue in chief would vacate the judgment on the plea in abatement.

We are not to be understood as deciding that the plaintiff may take judgment final for the sale of the property attached, and at a

subsequent term of the court revive against the administrator for the purpose of obtaining another final judgment in order to go against the general estate.

*Judgment affirmed.*