COLEMAN, Plaintiff in Error *vs.* McANULTY, Defendant in Error.

| 16 | 173 |
| 97 | 425 |
| 16 | 173 |
| 148 | 47 |
| 16 | 173 |
| 81a | 661 |

1. A judgment rendered in favor of a plaintiff, who had died before its rendition, is not *void.*

2. Proceedings to set aside an irregular judgment will not affect any one who has acquired a title under it, unless he is made a party.

*Error to St. Louis Circuit Court.*

The facts are sufficiently stated in the opinion of the court.

*T. T. Gantt,* for plaintiff in error.

I.   The Circuit Court had no jurisdiction of the parties in the case of Boyd *vs.* Coleman, garnishee of Wooley.

Coleman was alive, but Boyd being dead when execution was issued summoning Coleman as garnishee, was not before the court for any purpose.   No judgment could have been rendered against Boyd.   The court, then, was not possessed of the case, not having two parties before it, and all that was done was null and void.

II.   No question is made, but that if the judgment had been merely erroneous, the title of a purchaser under it could not have been impeached.   But the want of jurisdiction, either of the subject matter of a suit or of the parties to it, is a fatal defect, constituting all the proceedings void, *ab initio.*

No authorities in point, have been discovered, except 3 Yerger, 395, which is entirely so.   It, perhaps, requires apology to cite authorities to show, that where only one party, and he a plaintiff, is before a court, the judgment is (unless there be some statutory constructive appearance for the defendant, in which case, both parties are for the purpose of the law before the court,) an absolute nullity.   *Borden* v. *Fitch,* 15 Johns. Rep. 140.

As to distinctions between void and voidable process, see *Woodcock* v. *Bennett,* 1 Cow. 711, *et seq.* see particularly pp. 734–5.

*Geyer & Dayton,* for defendant in error, contended that the judgment against Coleman, after the death of Boyd, was not void, but merely voidable : that its irregularity cannot be

taken advantage of in any collateral proceeding, and that titles acquired under an execution upon such a judgment, will be protected, especially when, as in this case, they have long been acquiesced in. *McNair* v. *Biddle*, 8 Mo. 257. *Voorhees* v. *Bank of United States*, 10 Pet. 472. Tidd's Practice, 936. *Henry* v. *Ferguson*, 1 Bailey, 512. 1 Nott and McCord, 408, (S. C.) *Thompson* v. *Tolmie*, 2 Pet. 157. *Armstrong* v. *Jackson*, 1 Black. 210. *Jackson* v. *Bartlett*, 8 Johns. 361. *Jackson* v. *Delany*, 13 Johns. 535. *Jackson* v. *Robins*, 16 Johns. 537. *Jackson* v. *Cadwell*, 1 Cow. 622, 641, 644–5. *Reed* v. *Austin*, 9 Mo. 722. *Carter* v. *Spencer*, 7 Iredell, 14. *Granger* v. *Clark*, 9 Shep. 128. 3 Green, 224. *U. S. Bank* v. *Voorhees*, 1 McLain, 450. *Wake* v. *Hunter*, Taylor's Rep. (N. C.) 571. *Oxly* v. *Mizle*, 3 Murph. 250. *Smith* v. *Kelly*, ib. 507. *Thompson* v. *Hodges*, ib. 546. 3 How. (Miss.) *Doe* v. *Snyder*. *Hoskins* v. *Helm*, 4 Litt. 309. *Speer* v. *Semple*, 4 Watts, 367. *Butler* v. *Haynes*, 3 N. H. 21. Tidd's Practice, 915. *Clark* v. *Withers*, 2 Ray. 1072. Same case, 1 Salk. 322. *Hanson* v. *Barnes' Lessee*, 3 Gill and J. 359. *Jones* v. *Jones*, 1 Bland, 473. *Goodwin* v. *Floyd*, 10. Yerg. 520. Same case, 8 Yerg. 491. 5 Black. 328. *Magruder* v. *Peter*, 11 G. and J. 217. 13 Pet. 6. *Giles* v. *Pratt*, 1 Hill, (S. C.) 239. *Titcomb* v. *Union Insurance Company*, 8 Mass. 326. *Homes* v. *Starkweather*, 17 Mass. 240. *Harwood* v. *Murphy*, 1 Greene, 193. 10 Wheat. 192. *Wittenberg* v. *Wittenberg*, 1 Mo. 226.

The case of *Kelly* v. *Hooper*, 3 Yerg. 395, cited by plaintiff's counsel, is not in point. The *defendant* in that case died while a suit was pending, yet the plaintiff proceeded to take a judgment against him, and afterwards brought suit against his executors, to get a judgment upon that judgment. It was held that he could not do so. This is no more than saying that, *as between these parties*, the judgment was not valid. In the case at bar, the facts and the question are materially different.

SCOTT, Judge, delivered the opinion of the court.

The petition in this case stated, that the appellant, Samuel M. Coleman, was the legal representative of James Coleman, in respect to the undivided half of a tract of land, situated in St. Louis county. That a judgment was recovered by Jno. P. Boyd, in the St. Louis Circuit Court, against Abraham Wooley ; and James Coleman being summoned as a garnishee, a judgment against him, as a debtor of said Wooley, was entered at the suit of the said Boyd, who had departed this life at the time of the said garnishment. On the judgment against Coleman, an execution issued, by virtue of which, in March, 1834, his interest in the land above mentioned, being an equitable one, was sold to the respondent, who afterwards instituted proceedings in equity against Joseph Papin, the trustee of the land, and obtained a deed conveying the legal title of the same to him. In April, 1835, on motion of Coleman, the judgment against him was set aside and for nought held, it appearing to the court that the plaintiff, Boyd, had died before the judgment was rendered against Coleman. James Coleman afterwards died, leaving the respondent, his son. McAnulty was no party to the proceedings instituted to set aside the judgment. The petition prayed that the title of the respondent might be decreed to the appellant, and for the rents and profits of the land described. A demurrer to the petition was sustained, and the cause brought here.

1. The only question in the cause is, whether the judgment against the garnishee was void and a nullity, by reason of the death of Boyd, before it was rendered. In maintaining the affirmative of this question, the appellant is not supported by any of the cases cited by him. The case of *Borden* v. *Fitch*, 15 J. R. 145, and that of *Kelly* v. *Hooper*, 3 Yerger, 395, are both within the principle prevailing in some of the states, allowing the judgment of another state to be impeached for lack of jurisdiction. 2 Cow. and Hill, 915. All that is contained in the case of *Woodcock* v. *Bennett*, 1 Cow. 735,

in relation to this matter, is taken from the case of *Parsons* v. *Loyd*, 3 Wils. 341, where it is said, that "there is a great difference between erroneous process and irregular (that is to say, void) process ; the first stands good and valid until it be reversed ; the latter is an absolute nullity from the beginning." This was a suit against a plaintiff in an action, for suing out a void *capias ad respondendum*, which had been set aside. In the same case, it was said that there was no remedy against the officer, for he was obliged to obey a writ emanating from a court of general jurisdiction. This is unquestionable law, that a writ, regular on its face, emanating from a court of superior jurisdiction, is a justification to the officer acting under it ; and it is a general rule, that wheresoever an officer can justify under a writ, he can pass a title by a sale under it, if all other pre-requisites to a sale have been complied with. *Cox* v. *Nelson*, 1 Mon. 95. *McKinney* v. *Scott*, 1 Bibb, 155. *Reardon* v. *Searcy's Heirs*, 2 Bibb, 202. *Coleman* v. *Trabue*, 2 Bibb, 518. In 2 Tidd's Practice, 936, it is said, "if the judgment or execution be irregular, the party cannot justify under it, for that is a matter in the privity of himself or his attorney ; and if the sheriff or officer in such case, join in the same plea with a party, he forfeits the benefit of his defence. The sheriff or officer, however, may justify under an irregular judgment, as well as an erroneous one, for they are not privy to the irregularity. And, so as the writ be not void, it is a good justification, however irregular, and the purchaser will gain a title under the sheriff ; for it would be very hard, if it should be at the peril of the purchaser, under a *fieri facias*, whether the proceedings were regular or not." In the case of *Warder* v. *Tainter*, 4 Watts, 278, the court says, the authorities are abundant to show, that in no case is a judgment, rendered by a court of general jurisdiction, considered void, on account of the death of the defendant having taken place before the rendition of it : that, at most, it is only voidable. If the death of the defendant will not render

a judgment void, no reason is perceived why the death of the plaintiff should have that effect. There being, then, a valid sale under a writ, supported by a judgment not void, the title of Coleman passed by it.

2. The proceedings to set aside the judgment did not affect the respondent, as he was no party to them.

Judge RYLAND concurring, the judgment will be affirmed.

Judge GAMBLE not sitting.