# CHARLESTON.

## WHITE *v.* HEAVNER, SHERIFF, AND AS SUCH, ADMR.

### February 27, 1874.

1871.
January Term.

1. When an assignor and assignee of a chose in action are both parties to a suit brought to recover the money due upon such chose in action, and the debtor is not living, the assignor is incompetent to testify as a witness in such suit in favor of his assignee.

2. And in such case a release, made by the assignee to the assignor, from all and every liability to recourse or otherwise, as assignor of the chose in action, does not make the assignor a competent witness to testify in favor of his assignee.

3. The death of a debtor whose real property in this State has been attached in a suit in equity, and proceeding therein by attachment against him and his estate as a non-resident, does not dissolve the attachment or lien thereon, where the death occurs after the attachment is levied.

This is a sequel to the case of *Middleton Exor. v. White*, reported in 5 W. Va. 572. After the suit was reinstated in the circuit court of Greenbrier county, the plaintiff retook the deposition of Charles A. Stuart, his assignor, he having, by his writing under seal, released the said Stuart from all liability, on account of such assignment. At the hearing below, the court was of opinion that the said Stuart was then, by reason of such release, free from objection and a competent witness in the suit, and therefore the court proceeded to render judgment in favor of White, for the amount claimed by him, with interest, and to decree a sale of certain real estate of the estate of Middleton, should the judgment remain unpaid for a certain period, and appointed a commissioner to carry the same into effect.

Another question arose as to the dissolution of the attachment that had been sued out in the case and levied upon certain real estate of Middleton, by reason of the death of said Middleton.

*1874. January Term.*

*White v. Heavner.*

The appeal was taken by J. W. Heavner, sheriff of Upshur county, and as such admr. of Henry O. Middleton, deceased, from the decree rendered on the 9th day October, 1872, and the record, here, shows White was plaintiff and Middleton's admr. and others, whose names were not given, were the defendants to the suit.

The Hon. Joseph M. McWhorter, judge of said circuit court, presided at the hearing below.

*Robert F. Dennis* for the appellant.

*Mathews & Mathews* for the appellee.

HAYMOND, PRESIDENT:

This cause was before the Supreme Court of Appeals of this State heretofore, on appeal, and the errors then presented upon the record were determined. The Supreme Court of Appeals reversed the decree rendered in the circuit court in favor of the plaintiff, and remanded the cause to the circuit court for further proceedings. One question determined on the former appeal was that Charles A. Stuart, who is a party to the cause, and the assignor of the plaintiff of the choses in action, set up in the bill against Henry O. Middleton (who died soon after the filing of the bill) was an incompetent witness in behalf of his assignee under the provisions of the twenty-third section of chapter one hundred and thirty of the Code of this State. Since this decision, and after the cause was remanded to the circuit court, the plaintiff has retaken the deposition of Stuart, his assignor. Stuart filed with his deposition a paper writing under seal, executed and delivered by the plaintiff to him some short time prior to the taking of his deposition, releasing and acquitting Stuart from all and every liability, to recourse or otherwise as assignor of the bond and fee bills in the bill mentioned, and claimed. The defendants filed written

exceptions to the reading of the deposition, "because the assignee of a chose in action cannot release the assignor, so as to make him a competent witness, the debtor being dead. The circuit court of the county of Greenbrier, in which the cause was pending, at the October term, 1872, thereof overruled, the defendant's exception, in and by its decree then made, for the reason, as stated in the decree, that it appears that the said deposition of Stuart is free from the objections made to his former deposition in the cause, as his liability as assignor to the plaintiff White has been fully released. And the circuit court, in the same decree, then proceeded to decree against the administrator of Henry O. Middleton, deceased, for the amount of the debt claimed in the bill, and that unless the administrator pays the debt, and costs of suit, within a stated time, that the real property upon which the attachment sued out in the cause against the decedent in his lifetime was a lien, be sold at public auction, &c. This decree is substantially the same as the decree heretofore reversed, except in so far as it states as to the competency·of the assignor Stuart to testify by reason of the release. It is apparent that the decree, in so far as it ascertains the amount of the debt, is, for much the larger part thereof, based upon the evidence of Stuart, and that the mind of the chancellor must have been materially influenced thereby. The last deposition of Stuart is substantially the same as his former deposition, and there have been no other depositions or exhibits filed in the cause touching the merits, since the former reversal. The only·question presented to us by the record now here, that was not presented by the record upon the first appeal, is whether the release of the plaintiff made to Stuart, the assignor, made him competent to testify as a witness on behalf ˙of his assignee, the plaintiff. ˙ To determine this question correctly, it is necessary to recur to the provisions of the Code, which have been in force since the first day of April, 1869, bearing upon the subject. The twenty-second section of chapter one hun-

dred and thirty of the Code provides "that no person, offered as witness, in any civil action, suit or proceeding shall be excluded by reason of his interest in the event thereof." By this provision, it is obvious that it was the purpose of the Legislature that a person offered as a witness in a civil suit or proceeding, should not be excluded merely because of a pecuniary interest in the result of the suit; but on the contrary, that he shall be heard, if he is not otherwise incompetent, and such weight given to his testimony as under all the circumstances, it is entitled. But the twenty-third section of the same chapter provides that a party to a civil action, suit or proceeding, may be examined as a witness in his own behalf, or in behalf of any other party, in the same manner, subject to the same rules of examination as any other witness, except as follows :

"An assignor of a chose in action shall not be examined in favor of his assignee, unless the opposite party be living." The words "opposite party" as here used, must be intended to embrace the debtor, otherwise they would, to a great extent, defeat its evident object, if not altogether the provision. Under this provision it is not a mere pecuniary interest in the result of the suit that makes the person offered incompetent to testify. It follows that as it is not the mere pecuniary interest of the witness in the result of the suit that renders him incompetent, under this provision ; the release of such interest cannot render him competent. Here, as already stated, the witness Stuart is a party to the suit and is the assignor of the plaintiff of all the choses in action set up in the bill, against Henry O. Middleton, in his life, and since his death against his personal representative and legal heirs—his deposition is taken by his assignee after the death of Middleton (the debtor), and his testimony is altogether in favor of his assignee. The release of Stuart, the assignor by the plaintiff (the assignee), from liability on account of the assignment of the choses, did not make him a competent witness.

1874.
January Term.
_____
White
v.
Heavner.

Under this view of the law the exception of the defendants to the deposition of Stuart, last taken, should have been sustained by the circuit court, and his deposition excluded, as well as the first.

The death of Henry O. Middleton, the debtor, after the attachment was levied on the real property, did not dissolve the attachment or the lien thereof, upon the realty attached.

For these reasons the decree of the circuit court of the county of Greenbrier, rendered in this cause on the 9th day of October, 1872, must be reversed with costs to the appellant, against the appellee White. And the cause must be remanded to the circuit court for further proceedings therein to be had according to the principles announced in this opinion and the rules governing courts of equity in such cases.

The other Judges concurred.

DECREE REVERSED AND SUIT REMANDED.