HIRAM HAYES, Admr., &c.

*vs.*

DANIEL SHAW.

A judgment in favor of a plaintiff, deceased at the time when the same is rendered, is not void, when it is rendered by a court of general jurisdiction, having jurisdiction of the subject matter of the action in which the same was rendered, and having acquired jurisdiction of the parties to such action before the decease of such plaintiff.

Appeal by the defendant from an order of the district court for St. Louis county, overruling a demurrer to the complaint. The case is stated in the opinion.

EGAN & BILLSON, for Appellant, cited (in addition to the cases referred to in the opinion,) *Kelley vs. Hooper*, 3 *Yerg.* 395; *Randall's case*, 2 *Mod.* 308 ; and *Haydock. vs. Cobb*, 5 *Day*, 529.

ENSIGN & STEARNS, for Respondent.

*By the Court.*—BERRY, J.—On May 20, 1858, O'Brien, the present plaintiff's intestate, instituted an action in the circuit court for Douglas county, Wisconsin, (a court of general jurisdiction,) against the present defendant, (the mortgagor,) for the foreclosure of a mortgage upon certain real estate. June 2, 1866, the defendant having appeared, judgment was rendered for the foreclosure of the mortgage and for the sale of the mortgaged premises, and that the proceeds of sale be applied to the payment of the amount of the mortgage debt, interest and costs, (adjudged to be $1,249.23) with interest, and that if the proceeds of sale should prove insufficient to pay the same, the sheriff should specify the amount of the

deficiency in his report of sale, and that the defendant should pay said deficiency to said O'Brien, with interest from the date of the report of sale, and that said O'Brien have judgment and execution therefor.

The sale was made November 11, 1872, and after satisfying the costs of sale, and applying the residue of the proceeds thereof towards the payment of the amount adjudged as aforesaid, the sheriff, on December 10, 1872, made his report of sale, wherein he reported a deficiency of $1,778.90.

On December 14, 1872, personal judgment was duly given and made, (in the language of the complaint,) in favor of O'Brien against defendant for said deficiency.

February 25, 1870, O'Brien died intestate, and on the 9th day of December, 1872, the present plaintiff became administrator of his estate.

The complaint in this case setting up the foregoing facts, with others, and demanding judgment for said sum of $1,778.90, with interest, was demurred to below; and from the order overruling his demurrer, defendant appeals to this court. In support of his appeal, defendant contends that the personal judgment of December 14, 1872, is void, because O'Brien was dead at the time when the same was rendered.

Upon the allegations of the complaint, (which are admitted by the demurrer,) it is to be presumed—and it is not questioned—that the circuit court of Douglas county, being a court of general jurisdiction, possessed jurisdiction of the subject matter of the action; and it stands admitted as a fact, that it had acquired jurisdiction of the parties. Having obtained jurisdiction of the parties, it was competent for the court, in their lifetime, to proceed in the action until the same was finally determined and disposed of. And since the court was one of general jurisdiction, the presumption would be that any judgment rendered by it in such action was within

Hayes v. Shaw.

its jurisdiction, and in accordance with the usual and regular course of practice. Moreover, it will be seen that as respects the regularity of the judgment of December 14, this presumption is true in fact, *section 3, chap.* 243, *Session Laws,* 1862, (2 *Taylor's Wisconsin Stat.,* 1704,) expressly enacting that the judgment for deficiency in an action for foreclosure may be rendered " *at the time of the confirmation of the sheriff's or referee's report of sale, or at any time thereafter.*" This is held, in *Burdick vs. Burdick,* 20 *Wis.,* 349, to mean that the judgment for deficiency is authorized to be entered *only* at or after the time of the confirmation. Had the plaintiff's intestate been alive when the judgment for deficiency was rendered, such judgment would then have been regular and proper, not only in presumption, but in fact. In addition to these considerations, it is to be observed that the allegation of the complaint, admitted by the demurrer, is, that the judgment of December 14, " was duly given and made."

We now come to inquire whether the judgment of December 14th was void because it was rendered after O'Brien's death. This inquiry is to be answered in the negative. The court having acquired jurisdiction of the parties, possesses the power to proceed to the final disposition of the action; and while the court ought to cease to exercise its jurisdiction over a party at his death, the neglect to do so is an error to be corrected by some proceeding in the action in which the error occurs, and the judgment, though erroneous, is not on that account to be attacked in a collateral action. In other words, the judgment is voidable when properly assailed, but not void. *Freeman on Judgments, secs.* 140, 153 ; *Warder vs. Tainter,* 4 *Watts,* 270 ; *Yaple vs. Titus,* 41 *Penn. St.* 202 ; *Coleman vs. McAnulty,* 16 *Mo.* 173 ; *Camden vs. Robertson,* 2 *Scam.* 508 ; *Stoetzell vs. Fullerton,* 44 *Ill.* 108 ; *Spalding vs. Wathen,* 7 *Bush,* (*Ky.*) 659 ; *Loring vs. Folger,* 7 *Gray,* 506.

Most of these cases, as will be seen upon examination, go to the point that even the death of a *defendant* before the rendition of a judgment against him will not make such judgment void.

If this be so, it would, for obvious reasons, seem that a living defendant, against whom a judgment has been recovered in favor of a deceased plaintiff, ought not to be heard to claim that the same is void.

As to the cases cited by defendant's counsel in support of his position, that the judgment of December 14th is void, we deem it only necessary to say that they are considered and, as we think, disposed of, by the authorities above cited, with the exception of *Gregory vs. Haynes*, 21 *Cal.* 443, and *McCreery vs. Everding*, 44 *Cal.* 285, an examination of which will show that they fail to meet the reasoning and research of the cases cited by us.

The order overruling the demurrer is affirmed.