[Filed April 16, 1888.]

JAMES MITCHELL, RESPONDENT, v. NELSON SCHOON-
OVER, ADMINISTRATOR, APPELLANT.

ATTACHMENT—DEATH OF DEFENDANT AFTER LEVY.—The death of the defendant after levy of the attachment does not vacate or dissolve it.

DEATH OF DEFENDANT—ACTION CONTINUED AGAINST PERSONAL REPRESENTATIVE.—
If a party to an action die and the cause of action survive, the adverse party may at any time within one year thereafter cause the action to be continued by or against the personal representative of such deceased party.

JUDGMENT—DECEASED PARTY.—A judgment rendered by a court of general jurisdiction against a party after his death is not for that reason void. It is erroneous, but until reversed by some appropriate proceeding it is valid.

DEATH OF PARTY—DELAY OF COURT.—Where a party has so prosecuted his action that he is entitled to a judgment without further contest, or where by delay of the court he fails to obtain judgment when he is entitled to it, and his adversary dies, it is the duty of the court upon proper application to render judgment in favor of such party as of a time when the adverse party was living.

TIME—FRACTIONS OF A DAY—JUDGMENT.—For the purpose of defeating a judgment rendered by a court of general jurisdiction, the legal representatives of a deceased party will not be heard to allege that his intestate died on the same day of the rendition of such judgment, but at an hour previous thereto.

APPEAL from Union County.    Affirmed.

*Baker, Shelton & Baker,* and *George G. Bingham,* for Respondent.

*J. R. Crites,* for Appellant.

STRAHAN, J.—On the fourteenth day of June, 1886, the plaintiff commenced this action against Thomas P. Baird and M. B. Baird, to recover eighteen hundred dollars and interest, due on a promissory note, and on the same day sued out a writ of attachment against the property of the defendants. The summons as well as the attachment were served in Union County, Oregon, on the next day after they were issued. On the twenty-seventh day of June, 1886, the defendants appeared by their attorney in fact, Willis Skiff, and filed a demurrer to the complaint, which was on the first day of October, it being the October term of said court, 1886, overruled. On the sixth day of October, 1886, the plaintiff took judgment against the defendants for want of an answer. On the twenty-sixth day of November, 1886, Nelson Schoonover filed a petition entitled in said action, reciting the above facts; and further, that on the sixth day of October, 1886, M. B. Baird died at Union County, Oregon, and after his death plaintiff took judgment against said deceased, and an order for the sale of the attached property which belonged to said deceased. That the petitioner was on the 13th of October, 1886, duly appointed administrator of the estate of M. B. Baird, deceased, by the County Court of Union County, Oregon.

The prayer in substance is for an order allowing petitioner to appear in said action as the duly qualified administrator and legal representative of said deceased, and that further proceedings in said action be taken against the petitioner as such legal representative. Thereafter, on the tenth day of December, 1886, the plaintiff by his attorneys filed a motion to strike Schoonover's petition from the files, which motion was denied on the fourteenth day of December, 1886. Afterwards the plaintiff filed a motion to strike paragraph five from Schoonover's petition,

which recited that judgment was taken against said M. B. Baird after his death. On the twenty-first day of February, 1887, this motion was allowed by the court, and paragraph five was stricken out; and it was further ordered that said cause as to said M. B. Baird, deceased, be and the same is hereby continued in the name of Nelson Schoonover, as administrator of said estate of M. B. Baird, deceased. On the twenty-third day of February, 1887, Nelson Schoonover filed a motion to vacate the judgment as to M. B. Baird, deceased, for the reason that the judgment against said M. B. Baird is void, having been rendered after his death. In support of this motion numerous affidavits are filed. If said affidavits are competent or material, or can be considered, they tend to show that M. B. Baird died at Union, in Union County, Oregon, on the sixth day of October, 1886, at about the hour of five o'clock A. M. of said day, and that the judgment was not entered until after the hour of nine o'clock A. M. of the same day.

The plaintiff filed a motion to strike out these affidavits; the same was overruled, and Nelson Schoonover as administrator was allowed ten days in which to file an amended motion and affidavits. Within the time allowed an amended motion and some additional affidavits were filed. Afterwards, on the twenty-third day of July, 1887, both motions were denied by the court, from which last-named order, overruling his motion to vacate the judgment as to M. B. Baird, deceased, Nelson Schoonover has appealed, and assigns for error the action of the court in overruling his said motion. Schoonover's amended petition to vacate said judgment shows that said M. B. Baird was insolvent at the time of his death, and that the attachment was levied wholly upon the real property of said M. B. Baird, and not upon any of the property of Thomas P. Baird. That fully three thousand dollars of M. B. Baird's debts were due to sureties of said M. B. Baird, who had made advances for him, etc.

The application of Schoonover to vacate the judgment seems to be founded upon two theories: (1) That the death of M. B. Baird dissolved the attachment; and (2) that the judgment is

void, because it is alleged that he died a few hours before the judgment was entered up.

It may be doubted whether or not the order made in this case refusing to vacate this judgment is an appealable order. "A final order affecting a substantial right, and made in a proceeding after judgment or decree for the purpose of being reviewed, shall be deemed a judgment or decree." (Hill's Code, § 535.) It is not perceived how this order affected a substantial right. No defense to the action was offered or proposed, nor did the appellant offer an answer of any kind. But this question was not suggested at the argument, and the decision will not be placed on this ground.

1. It is conceded that there is no provision of the Code which declares that an attachment will be dissolved by the death of either party. If such a result follows death, it must be gathered inferentially from some provision of the Code, because it is nowhere expressed; but it will be most convenient to see first what effect the death of a party has upon a pending action. Section 38 of Hill's Code declares: "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, allow the action to be continued by or against his personal representatives or successor in interest." And by section 144 it is provided that "the plaintiff may at the time of issuing the summons, or any time afterwards, have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered. . . . . From the date of the attachment until it be discharged or the writ executed, the plaintiff, as against third persons, shall be deemed a purchaser in good faith for a valuable consideration of the property, real and personal, attached. . . . ."

If effect be given to all of these provisions of the Code, the attachment is not dissolved by death. If a party die, the adverse party may within one year thereafter cause the action to be continued by or against the personal representatives of such

deceased party. And the effect of a judgment in such action is to subject the property attached to its payment. There is some conflict amongst the authorities on the subject, but I think the decided weight of authority, as well as the better reason, is to the effect that an attachment is not dissolved by death, unless some statute expressly so declares. In *More* v. *Thayer*, 10 Barb. 258, a complaint had been filed and an attachment issued and served, but no summons had been served; but the court had acquired such jurisdiction of the action by the allowance of the provisional remedy of attachment that the defendant's administrator could be brought in and the attached property subjected to the judgment. So in *Perkins* v. *Norvell*, 25 Tenn. 151, it was held that the death of the defendant did not dissolve the attachment, and that the attached property might be subjected to the payment of the debt by bringing in the heirs by means of a *scire facias*. In *Thatcher* v. *Bancroft*, 15 Abb. Pr. 243, an attachment was issued, and on the same day the defendant died. Subsequently his executor appeared and defended the action, and judgment was rendered in favor of the plaintiff.

In passing on the question whether the attachment held the property or not, the court said: "The attachment remains in force, notwithstanding the death of the defendant; the revival of the action by the appearance of the executor enables the plaintiff to obtain his judgment. Payment of such judgment out of the attached property can only be obtained through an execution by which the attached property is to be sold." So in *Kennedy* v. *Raguet*, 1 Bay, 484, an attachment was issued and certain persons were garnished. The garnishees made default and judgment went against them. About the time or immediately after the issuing execution, it was discovered that Raguet, the principal debtor, had died at Bordeaux before the signing of judgment against the garnishees. They therefore moved to set aside the judgment and execution against them, for the reason that the death of the defendant before judgment abated the action and dissolved the attachment. But their motion was disallowed, and they were held liable on the judgment. So, also, in *Holman* v. *Fisher*, 49 Miss. 472, it was held in effect that if

a defendant die after the service of a writ of attachment, the writ is not abated, but may proceed to judgment, the court holding that the proceeding thereby became strictly *in rem* under the statute of that State. And the like rule was held in *White* v. *Heavner*, 7 W. Va. 324, the court saying: "The death of Henry O'Middleton, the debtor, after the attachment was levied on the real property, did not dissolve the attachment or the lien thereof upon the realty attached."

2. But it is argued that this judgment is void, and for that reason it ought to have been set aside. But the authorities do not sustain this position. It must be remembered that the judgment itself is not before us for the reason the appellant took no appeal from it. We are not, therefore, required or permitted to say whether it is reversible for error or not. The only necessary point for us to consider on this branch of the case is, whether or not the court below erred in overruling the appellant's motion for the reason stated therein. The decided weight of authority seems to be to the effect that if a court of general jurisdiction, or a court which has acquired full jurisdiction over the cause, and over the parties, renders a judgment for or against a party after the death of such party, the judgment is not for that reason void. It may be erroneous, but until reversed by some appropriate proceeding it is valid.

In *Reid* v. *Holmes*, 1. 7 Mass. 326, the question came before the Supreme Court of that State, and it was held the judgment was not void. The court said: "If the fact agreed in the case stated of the death of the defendant after the default and before the judgment is competent to be considered, it does not show that the judgment is absolutely void. The court at the time of bringing the former action had jurisdiction of the subject-matter and of the parties, and might after the death of the defendant have rendered judgment against him as of a previous term (*Tapley* v. *Martin*, 116 Mass. 275; *Kelley* v. *Riley*, 106 Mass. 339, 341; 8 Am. Rep. 336; *Tapley* v. *Goodsell*, 122 Mass. 176–181); or the judgment actually entered might, on motion of the plaintiff, have been amended so as to stand as a judgment *nunc pro tunc*, or have been vacated and the adminis-

trator summoned in to defend the action." (*Stickney* v. *Davis*, 17 Pick. 169.) So in *Case* v. *Ribelin*, 1 Marsh. J. J. 29, it was held that such a judgment was not void but erroneous; that the error consisted of matter of fact, which, not appearing on the record, the court could not notice it, and that the same was to be corrected by a writ of error *coram vobis.* *Yaple* v. *Titus,* 41 Pa. St. 195, is to the same effect. And other authorities announce the same principle. (*Hayes* v. *Shaw,* 20 Minn. 405; *Coleman* v. *McAnulty,* 16 Mo. 173; 57 Am. Dec. 229; *Camden* v. *Robertson,* 3 Ill. [2 Scam.] 507.)

3. But under the state of this record at the time M. B. Baird is said to have died, it was the duty of the court to see that the plaintiff was not prejudiced by its delay in entering judgment. The court overruled the defendant's demurrer to the plaintiff's complaint on the first day of the October term. They did not apply for leave to answer or plead further. At the time the demurrer was overruled the plaintiff was then entitled to a judgment according to the prayer of his complaint. His cause of action stood admitted upon the record, and it was the duty of the court to enter judgment against the defendant according to the facts as they were alleged in the complaint. If while the cause is in this condition the defendant dies, the plaintiff is not to lose the fruits of his litigation, and if necessary, it is the duty of the court to enter judgment *nunc pro tunc* as of the previous term, or under our practice an earlier day in that term. This is the common-law rule of practice, and the Code has not changed it.

In *Blaisdell* v. *Harris,* 52 N. H. 191, after verdict for the plaintiff, the case was transferred to the law term for the consideration of the full bench, upon exceptions taken by the defendant. While the cause was thus pending in the law term the defendant died. Afterwards the defendant's exceptions being overruled, it was *held* that the plaintiff should have judgment as of the previous term when the verdict was rendered. In *Tapley* v. *Martin,* 116 Mass. 275, it was held that if after verdict for the plaintiff the defendant dies, the court has power to pass upon the exceptions alleged by him, and if justice requires, to enter

judgment *nunc pro tunc* as of the term when the verdict was rendered, although no administrator had been appointed in said estate. And the same principle was announced in *Wilson* v. *Meyers*, 15 Am. Dec. 510. And this practice prevails generally. (*McLean* v. *State*, 8 Heisk. 22; *Spalding* v. *Congdon*, 18 Wend. 543; *Currier* v. *Inhabitants of Lowell*, 16 Pick. 170; *Griffith* v. *Ogle*, 1 Binn. 172; *Tooker* v. *Duke of Beaufort*, 1 Burr. 146; 2 Tidd's Practice, 932.) Generally the law does not regard fractions of a day, except in cases where the hour itself is material, as in case where priority of judgments or priority of lien and the like is in question. (*Marvin* v. *Marvin*, 75 N. Y. 240; *Judd* v. *Fulton*, 4 How. Pr. 298; *Phelan* v. *Douglas*, 11 How. Pr. 193; *Columbia Turnpike Road* v. *Haywood*, 10 Wend. 422; *Hughes* v. *Patton*, 12 Wend. 234; *Small* v. *McChesney*, 3 Cowen, 19; *Clute* v. *Clute*, 3 Denio, 263; *Blydenburgh* v. *Cotheal*, 4 N. Y. 418; *Jones* v. *Porter*, 6 How. Pr. 286.)

Counsel for appellant have not cited a single authority from any book, holding that for the purpose of defeating a judgment of a court of general jurisdiction the legal representative of a deceased defendant may allege that on the same day and at a previous hour before the rendition of the judgment his intestate had died, and my own researches have failed to find any authority for that position. Our views on the merits being adverse to the defendant, we have not thought it necessary to consider or decide the technical objections urged as to the form in which the questions are presented.

There being no error prejudicial to the rights of the appellant, the judgment appealed from must be affirmed.