F. P. MOSLEY, *Administrator*, v. SOUTHERN MANUFACTURING COMPANY.

1. ATTACHMENT—*Death of Defendant in—Effect of.* Where a court of general jurisdiction or a court which has acquired full jurisdiction in attachment proceedings over the cause and over the parties, renders a judgment for or against a party, after the death of such party, the judgment is not, for that reason, void. If the personal representatives of the deceased party be not made parties to the action before judgment, the judgment will be irregular and erroneous, but until reversed or vacated by appropriate proceedings, it will be valid. Such judgment is not void but only voidable.

2. ATTACHMENT—*Judgment in, after death of Defendant—How Vacated.* Sections 238, 586 and 588 of the Code of Civil Procedure, Statutes of 1893. provides the procedure for vacating a judgment irregularly rendered in an attachment suit by reason of the death of the defendant after service and before judgment and where the personal representatives of the deceased had not been made parties to the action; and a petition for injunction by an administrator to restrain proceedings on such judgment, which does not set forth the judgment, the grounds to vacate or modify it, and the defense to the action, does not state facts sufficient to constitute a cause of action and is demurrable.

*Error from the District Court of Cleveland County.*

*Hocker & Woods* and *Fisher & Hennessey,* for plaintiff in error.

*Bostford & Brewer,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.:   This action was commenced in the district court of Cleveland county to restrain the enforcement of a judgment previously rendered in said court, in proceedings in attachment.   Plaintiff in error is the administrator of S E. Blake, deceased.   The facts stated in the petition are:   That previous to the commencement of this action the defendant in error had, in the lifetime of the said S. E. Blake, who was a non-resident of the Territory, commenced an action in said district court, by attachment; that prior to the commencement of said attachment proceedings, other attachment suits had been commenced against said Blake by other parties, and that a stock of merchandise, belonging to said Blake, had been seized, under such attachments, and under an order of the judge, in vacation, the goods were sold and the proceeds, $950, brought into court.   Pending these proceedings in the other attachment cases, defendant in error brought its suit in attachment against Blake, and a judgment was rendered therein, in favor of the defendant in error, and that the money, so in the hands of the court, should be applied to the payment of the judgments

of the respective attaching creditors.   Constructive service in the attachment proceedings, instituted by the defendant in error, against said Blake, was regular and complete.   That after such service, but before the rendition of judgment in favor of the defendant in error, in such attachment proceedings, the defendant therein, Blake, died.   And this cause was commenced to enjoin the enforcement of the judgment in attachment, on the grounds that the defendant in said attachment, having died before the rendition of the judgment therein, the court had no jurisdiction to render said judgment, and that the said judgment and the proceeding thereunder, were void.

To the petition in this cause, defendant herein demurred on the ground that said petition did not state facts sufficient to constitute a cause of action.   Said demurrer was by the court below sustained, and plaintiff in error, excepting, moved for a new trial, which motion for a new trial being overruled by the court, plaintiff in error having excepted, by petition in error brings the cause to this court for review.

Whether the judgment in the attachment proceedings against Blake was void, or only voidable for irregularity, on account of its being rendered after his death, a proceeding in equity, by injunction, to restrain the enforcement of such a judgment, is not the proper proceeding for relief.

This proceeding seems to be founded upon two theories, (1) that the death of Blake dissolved the attachment, and (2) that the judgment is void in the attachment proceeding, because it is alleged that Blake died before the judgment was entered up.   The decided weight of authority, as well as the better reason, is that the effect that an attachment is not dissolved by death

unless some statute expressly so declares. (*Mitchell v. Schoonover*, 17 Pac. Rep. 867; *Moore v. Thayer*, 10 Barb. 258; *Perkins v. Norvell*, 6 Hump. 151; *Kennedy v. Reguet*, 1 Bay, 484; *Holman v. Fisher*, 49 Miss. 472; *White v. Heavener*, 7 W. Va. 324.)

The decided weight of authority seems to be to the effect that if a court of general jurisdiction or a court which has acquired full jurisdiction over the cause and over the parties, renders a judgment for or against a party after the death of said party, the judgment is not for that reason void. It may be erroneous, but until reversed by some appropriate proceeding, it is valid. (*Reed v. Holmes*, 127 Mass. 326; *Mitchell v. Schoonever*, *supra*; *Tapley v. Martin*, 116 Mass. 275; *Kelley v. Riley*, 106 Mass. 339; *Tapley v. Goodsell*, 122 Mass. 176.)

In *Case v. Ribelin*, 1 J. J. Marsh, 29, it was held that such a judgment was not void but erroneous; that the error consisted of matters of fact which, not appearing on the record, the court could not notice, and that the same was to be corrected by writ of error *coram vobis*. (*Yapel v. Titus*, 41 Pac. State, 195; *Hayes v. Shaw*, 20 Minn. 405.)

Mr. Freeman, in his work on Judgments, vol. 1, p. 276, says:

"That there should, at some time during its progress, be living parties to both sides of an action, we think indispensable; and that no sort of jurisdiction can be obtained against one who is dead, when suit was commenced against him as a defendant, or in his name as a plaintiff; and that no judicial record can be made which will estop those claiming under him from showing that he died before the action was begun, and that a judgment for or against him must necessarily be void.   *   *   On the other hand, if an action is begun by and against

living parties, over whom the court obtains jurisdiction, and some of them subsequently die, it is not thereby deprived of its jurisdiction; and while it ought not to proceed to judgment without making the representatives or successors in interest of the deceased party, parties to the action, yet if it does so proceed, its action is irregular merely and its judgment is not void." (See cases cited in note to above.)

Section 238 of our Code of Civil Procedure, Statutes of 1893, provides:

"From the time of issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings under the attachment; and if, after the issuing of the order, the defendant, being a person, should die, or a corporation, and its charter should expire by limitation, forfeiture or otherwise, the proceeding shall be carried on; but in all such cases, other than where the defendant was a foreign corporation, his legal representatives shall be made parties to the action."

And § 586 of said Code provides:

"The district court shall have power to vacate or modify its own judgments or orders at or after the terms at which such judgment or order was made.    *    *
*Sixth:* For the death of one of the parties before the judgment in the action."

And § 588 of said Code provides:

"The proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of § 586, shall be by petition verified by affidavit setting forth the judgment or order, the grounds to vacate or modify and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action."

These various provisions clearly provide the procedure for the correction of the irregularity of a judgment ren-

dered after the death of the party against whom such judgment was rendered, and clearly contemplates the petition therefor shall set forth the judgment or order as well as the grounds for vacating the same, and the defense to the action.

The proceeding thus provided for precludes a proceeding by injunction to restrain the enforcement of such judgment without affording to the plaintiff in such attachment proceedings, an opportunity to maintain his cause of action and to correct the irregularity in such judgment.

As the petition of the plaintiff in error in this cause did not state the substantial facts required to be stated by the provisions of the above section, such petition would not warrant the relief prayed for; and the action of the court below, in sustaining a demurrer thereto, was without error.

The judgment of the court below will, therefore, be affirmed.

Scott, J., having presided in the court below, not sitting; all the other Justices concurring.