EDWARD L. BOWNE, PLAINTIFF IN ERROR, v. THE MOUNT HOLLY NATIONAL BANK, DEFENDANT IN ERROR.

1. A surety upon the bond of a cashier of a bank is not discharged by the mere fact that the cashier was, at the time the bond was given, a defaulter. Nor will the neglect of the bank to ascertain that fact discharge him.

2. The books of the bank, and the statements of the bank sent to the comptroller of the currency under the National Banking law, are not admissible in evidence to prove the negligence of the bank officers, nor as tending to establish the fact of knowledge on the part of the bank of the existence of the defalcation.

3. A covenant given to one of several obligors, which provides that if suit should be brought against him the instrument should become a good bar thereto, and operate as an absolute release and acquittance of the bond as to him, and which declared that it was not intended thereby to release· or discharge the other sureties, is a covenant not to sue, and not a release.

In error to the Supreme Court.

For the plaintiff in error, *J. Buchanan* and *F. Voorhees.*

For the defendant in error, *C. E. Hendrickson* and *Barker Gummere.*

The opinion of the court was delivered by

THE CHANCELLOR. This suit was brought by the bank against Bowne as a surety on the official bond of Frederick W. Kelly, as assistant cashier of the bank. The bond, which was joint and several, was signed by Kelly, and by Allen Fennimore and Job H. Gaskill, also, as sureties. Its condition was that Kelly should faithfully perform his duties as assistant cashier. Before the commencement of the suit the bank gave to Fennimore a covenant not to sue him on the bond, but in the instrument provided that it should not release or discharge the other sureties, or either of them, from their full liability thereon. On the trial, Bowne offered evidence to show negligence on the part of the officers of the bank in not discovering the fact that Kelly was, at the time when the bond was given, a defaulter to the bank, in whose employ he had been for a number of years previously. He did not offer to show that the board of directors then had knowledge of the defalcation. They discovered it afterwards. The evidence offered was the books of the bank and the statements of the condition of the bank made to the comptroller of the currency pursuant to his calls under the National Bank law. The evidence was rejected. It is urged that it ought to have been received, not only as proving the negligence imputed, but also as tending to establish the fact of knowledge on the part of the bank of the existence of the defalcation. It is very clear that the

mere fact that Kelly was, when the bond was given, a defaulter to the bank, will not discharge the surety. Nor will the neglect of the bank to ascertain the existence of that fact discharge him.  *Tapley* v. *Martin*, 116 *Mass.* 275 ; *Wayne* v. *Commonwealth National Bank*, 52 *Penna. St.* 343 ; *Brandt on Suretyship*, § 367. Nor does the mere existence of the fact that Kelly was a defaulter, or the circumstance that, though not known to the bank, on investigation the fact would have appeared, tend to show knowledge. The evidence of the books of the bank on this head was therefore properly rejected. The statements to the comptroller of the currency were made to exhibit the condition of the bank at the times named therein, as the officers by whom they were verified believed it to be at those times. The observations made in reference to the evidence of the books are equally applicable also to those statements. They surely did not tend to show any knowledge on the part of the bank that Kelly was a defaulter. Nor can they be regarded as statements that there was no defalcation, but only that there was none so far as the bank officers were aware. This evidence was also properly rejected.

The defendant below pleaded a release, and to sustain it on the trial offered in evidence the before-mentioned covenant not to sue, but the court refused to admit it. The offer was based on the claim that the instrument was in fact a release, inasmuch as it provided that if suit should be brought against Fennimore the instrument should become a good bar thereto, and should operate as an absolute release and acquittance of the bond as to him. But, as before stated, the covenant provided, and it was thereby declared to be expressly understood, that it was not intended thereby to release or discharge the other sureties from their full liability on the bond. The instrument is a covenant not to sue ; it is not a release. *Dean* v. *Newhall*, 8 *T. R.* 168 ; *Thompson* v. *Lack*, 3 *M., G. & S.* 540 ; *Crane* v. *Alling*, 3 *Green* 423. It was therefore not admissible in evidence under the plea.

The judgment of the Supreme Court should be affirmed.

Braddock v. Philadelphia, Marlton and Medford R. R. Co.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER.   15.

*For reversal*—None.