# BENNETT *et al. v.* S. A. R. B. E. & L. ASSOCIATION.

### (*Supreme Court, Texas.*)

LIABILITY OF SURETIES ON OFFICIAL BOND.—The sureties on the bond of an officer of an incorporated company for the faithful performance of his duties, as such, are not relieved from liability on account of the fact that the officer was already a defaulter when the bond was given, provided the officers of the corporation had no knowledge of the defalcation. Mere negligence in the officers of the corporation in failing to detect the fraud will not relieve the sureties.

Judgment was rendered against the appellants as sureties on the bond of R. H. Neal for the faithful performance of his duties as secretary of the defendant corporation during his continuance in office, the bond bearing date September 30, 1878, and being in the sum of $3,000. The by-laws of the association required the secretary, at each monthly meeting of the board of directors, to furnish a statement of the affairs of the company. On the trial it was developed that Neal was actually a defaulter at the time Bennett and Lacoste, the sureties, signed his bond, and that the association, through its proper officials, had approved his accounts at that time. After the bond was given, subsequent defalcations occurred, from time to time, largely in excess of the amount of the bond, and which a witness said might have been detected at any time by any competent bookkeeper within twelve hours after undertaking the examination of the books. None of the finance committee had made an examination of Neal's accounts after the bond was given. There was no evidence of actual knowledge of Neal's defalcation on the part of any of the officers of the association at the time the bond was given, or at the time any of the subsequent defalcations occurred. The claim is that the officers of the association were grossly negligent in approving the accounts of Neal, when a proper examination would have exposed his default; that the appellants were misled by this approval, and relying thereon executed the bond, and that by reason of these facts they were not liable thereon.

*Held,* That mere negligence in the officers of a corporation in failing to examine the books and detect frauds committed by an official will not discharge a surety on that official's bond

given thereafter, if such frauds were unknown to and unsuspected by those officers.

Had there been fraudulent representation or fraudulent concealment on the part of the directors, the sureties would have been discharged because of the fraud. The case presented is not one of fraud. The negligence of the directors in examining the accounts which they approved, was a failure of duty to the corporation, but not of a duty which they owed to parties about to become sureties of the secretary. Such negligence, not accompanied or followed by some affirmative act or representation on which they had a right to rely, did not operate a fraud on the sureties, nor discharge them from liability on their bond. 116 Mass., 275; 52 Pa. St., 343. 10 Bush. (Ky.), distinguished.—*Journal of Banking Law.*