Carroll,
Dec., 1898.

## PERKINS · *v.* QUINT.

### HOBSON (PERKINS, *Plff. in Int.) v.* SAME.

Jurisdiction of claims against an insolvent debtor, acquired by the probate court upon institution of insolvency proceedings, is not affected by a subsequent assignment to a non-resident ; and a discharge of the debtor applies to all claims of which the court had jurisdiction at the time such proceedings were begun.

ASSUMPSIT, in the first action upon a promissory note, payable to Quint and by him indorsed to Hobson, and in the second action for items of account originally due to Hobson. Facts found by the court.

Quint filed a petition as an insolvent debtor in March, 1895, and Hobson had due notice of the proceedings. October 17

or 18, Hobson for a valuable consideration assigned and delivered the note and account to Perkins, who had no knowledge of the insolvency proceedings.' October 12, Quint filed a composition agreement and entitled himself to a discharge, which was granted November 15. Hobson and Quint reside in this state, and Perkins in the state of Maine.

*Josiah H. Hobbs*, for the plaintiff.

*Worcester, Gafney & Snow*, for the defendant.

PEASLEE, J. When the insolvency proceedings were instituted and Hobson was notified thereof, the probate court acquired jurisdiction of his claims against the defendant. Jurisdiction that has once attached is not defeated by subsequent events. *Clarke* v. *Mathewson*, 12 Pet. 164, 171; *Tapley* v. *Martin*, 116 Mass. 275.

The discharge applied to all claims of which the court had jurisdiction, and the actions cannot be maintained.

*Judgments for the defendant.*

BLODGETT, C. J., did not sit: the others concurred.