### John A. Linn v. Oscar W. Brecher, Adm'r, etc.

1.  ABATEMENT—*Of Actions, Death of Defendant Pending a Motion for a New Trial.*—When a cause has proceeded to trial and the verdict is against a sole defendant who dies pending his motion for a new trial, by the common law the court should proceed to a disposition of the motion irrespective of statutory regulation. If the motion is granted, then the question of abatement will arise, but if the motion is overruled a judgment upon the verdict should follow *nunc pro tunc* as of the time of the return of the verdict, *i. e.*, within the lifetime of such sole defendant.

2.  SAME—*Survival of Actions in Illinois.*—In Illinois the statute as to the survival of actions, modifying the common law rule as to the abatement of suits against a sole defendant upon the death of such defendant, is not applicable to a case where the defendant dies pending his motion for a new trial unless a new trial is allowed.

3. Same—*Entry of Judgment Nunc Pro Tunc—Death of Defendant Pending a Motion for a New Trial.*—When a sole defendant against whom a verdict has been returned dies pending a motion for a new trial, in case the motion is overruled it is proper for the court to enter judgment on the verdict *nunc pro tunc* as of the time of the return of the verdict within the lifetime of the defendant.

**Transcript from a Justice of the Peace.**—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded, with directions. Opinion filed June 21, 1900.

**Statement.**—This suit was brought by appellant against Michael Barry before a justice of the peace. From judgment there an appeal was prosecuted to the Superior Court. The cause was tried in the Superior Court in the lifetime of Michael Barry, and it resulted in a verdict against him, by which appellant's damages were assessed at $121.50. While the cause was pending upon motion for a new trial, interposed by Barry, the latter died. After the death of Barry, and before the motion for new trial had been disposed of, appellant presented a motion for judgment upon verdict *nunc pro tunc* as of the time of the return of the verdict, which was in the lifetime of Barry. This motion was denied, and an order was entered " that said suit abate." From the latter order this appeal is prosecuted.

Deneen & Hamill, attorneys for appellant.

Wm. M. and Wm. S. Johnston, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

The controlling question presented upon this appeal is as to the proper practice in a suit at common law upon contract when the cause has proceeded to verdict against a sole defendant, and is pending upon his motion for a new trial when his death occurs. Without going into any discussion of the common law rule as to the abatement of action by reason of death of a sole defendant, it is enough to say that

it is the common law rule, irrespective of statutory regula-
tion, that in a case such as here presented, the court should
proceed to a disposition of the motion for a new trial. If
it be granted, the question of the abatement of the suit
under common law rule or statutory provision will arise.
If the motion for a new trial be overruled, a judgment upon
the verdict should follow *nunc pro tunc* as of the time of
the return of verdict, *i. e.*, as of a time within the lifetime
of the sole defendant. Danforth v. Danforth, 111 Ill. 236;
2 Tidd's Pr. (3d Am. Ed.), Sec. 932; O'Sullivan v. People,
144 Ill. 604; Patterson v. Buckminster, 14 Mass. 144; Cur-
rier v. Town of Lowell, 16 Pick. 170; Den v. Tomlin, 18 N.
J. Law (3 Harrison), 14; Ryghtmyer v. Durham, 12 Wend.
245; Spalding v. Congdon, 18 Wend. 543.

In Den v. Tomlin, *supra*, it appeared that more than two
terms of the court had elapsed after verdict and death of
defendant. The New Jersey court held that "it would be
the duty of the court to order the judgment entered *nunc
pro tunc*, if judgment be ultimately rendered for the plaint-
iff," saying further:

"It is a rule of practice, as well as of common justice,
that the action of the court shall not be permitted to work
an injury to a party. (2 Tidd's Pr.; Perry v. Wilson, 7 Mass.
393.) The case last cited was an action of trespass and
verdict rendered for the plaintiff. The action was continued
for advisement, and before it was disposed of the defendant
died. The court say, when an action is delayed for its own
convenience, they will take care that no party suffers by the
delay, and judgment was thereupon ordered *nunc pro tunc*."

In Ryghtmyer v. Durham, *supra*, it appeared that the
verdict was returned in the year 1831; the defendant died
in 1833; the motion for a new trial was overruled in 1834,
and judgment entered upon the verdict *nunc pro tunc* as of
the October term, 1831, the term of the return of the
verdict.

In Spalding v. Congdon, *supra*, the court said:

"The statute has nothing to do with the matter. Here
the party has been tied up by the bill of exceptions and a
motion for a new trial, and died while the matter was *sub*

*judice.*  *  *  *  Without regard to the lapse of time, the court will, upon common law principles, allow the judgment to be entered up as of a term where the party was alive."

The Illinois statute as to survival of actions, modifying the common law rule as to abatement of suit against a sole defendant upon death of such defendant, has nothing to do with this question until and unless the motion for a new trial is granted.

The court erred in ordering that the suit abate.

The order is reversed and the cause is remanded with directions to the Superior Court to dispose of the motion for a new trial, and, if it be overruled, to enter a judgment upon the verdict *nunc pro tunc* as of the time of the return of the verdict.