## George S. McReynolds, executor, v. James E. Brown, receiver.

### Gen. No. 11,846.

1. CERTIFICATE OF JUDGE—*when nullity.* A certificate by a trial judge upon a transcript made up by the clerk is a nullity, as no such certificate is known to the law of this state.

2. CHANCERY RECORD—*what part of.* Motions filed and orders made in a cause and entered of record are a part of the chancery record without incorporation in a certificate of evidence.

3. DECREE—*when entry of, erroneous.* It is erroneous to enter a decree in a chancery cause where one of the parties against whom it purports to be entered had previously died, nor can such a judgment be entered *nunc pro tunc* as of a date previous to the death of such party, unless the cause was at the time of his death in condition for judgment.

4. RECEIVER—*how fees ·and disbursements of, should be provided to be paid.* A receiver is not entitled to a decree in his own name for the amount of his fees and disbursements. His fees and the fees of his counsel, when allowed by the court, should be merely taxed as costs in the regular way.

Bill for receiver, etc. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed June 20, 1905.

**Statement by the Court.** This is an appeal from a decree entered in the case of Klink et al. v. Central Avenue Investment Ass'n et al. by the Superior Court of Cook County on March 10, 1904, against Fannie E. Shipman and eleven others, *nunc pro tunc,* as of April 22, 1903. At this last date Fannie E. Shipman was alive. She died April 23, 1903. Appellant George S. McReynolds was appointed executor of her will on June 26, 1903.

The bill in this case was filed by A. F. Klink as a member and stockholder against the Central Avenue Investment As-

sociation, an unincorporated and voluntary association of persons formed in 1892 for investing in real estate, subdividing and disposing of lots for mutual profit. The bill makes charges of mismanagement by the officers of the association of its business, failure of the officers to report, conspiracy between the officers and sales agent of the association to get control of its books and assets, failure to pay its indebtedness and taxes upon its properties, and that tax sales thereof have been made; and that its affairs are in a tangled and complicated condition so that a receiver of the association is necessary, through whom an accounting may be had and the affairs of the association may be wound up and determined, and prays for the appointment of a receiver and for an accounting, etc. James E. Brown was appointed receiver and qualified and acted as such.

On June 20, 1903, on a motion to fix the amount of the receiver's fees, Fannie E. Shipman being then deceased and her executor not yet appointed, the Superior Court entered an order fixing the receiver's fees at $1,000 and the fees of the solicitor for the receiver at $500, and providing that the same be taxed as costs in the case.

On March 10, 1904, an order was entered setting aside a judgment rendered in the cause on November 30, 1903, and finding that at the date of the death of Fannie E. Shipman the accrued costs in the case amounted to $2,842.62, and entered a judgment against Fannie E. Shipman and eleven other complainants for that amount in favor of James E. Brown, receiver, and that the judgment be entered *nunc pro tunc* as of April 22, 1903. To reverse this judgment, appellant, as executor of the will of Fannie E. Shipman, deceased, prosecutes this appeal.

THERON DURHAM, for appellant.

C. ARCH WILLIAMS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

A motion was made by James E. Brown, receiver, to strike the certificate of evidence from the record for the reason

that no certificate of evidence was presented to the trial judge until fifty-six days after the expiration of the time specified in the original order for filing it; and second, that the order of July 11, 1904, entered *nunc pro tunc* as of May 15, 1904, extending the time of the original order to July 15, 1904, is void and a nullity. Third, that there being no certificate of evidence in the record and transcript which can be considered by the court, there is nothing to show that appellant is a party to the cause; and that the certificate of the trial judge appended to the transcript is not a part of the transcript and cannot be considered by the court.

The clerk of the Superior Court certifies that the record filed in this court is a true, perfect and complete transcript of the record except a certain plea filed in his office July 8, 1903, in the cause of Klink et al. v. Central Avenue Investment Association et al. To the transcript thus certified by the clerk is appended a certificate by the chancellor to the effect that the record certified to by the clerk of the court is all of the evidence heard or considered by the court upon the hearing in said cause and all the evidence upon which the decree of March 10, 1904, was entered, and then follows the usual form of a certificate of evidence.

An inspection of the transcript shows that it contains copies of the bill and amendments, answers, notices of motions, petitions, demurrers, reports of the receiver, affidavits of claims presented to the receiver, certificates of publication, exceptions to receiver's reports, pleas, appearances, orders, decrees and files in the cause. The transcript itself contains nothing that purports to be a certificate of evidence. We cannot look to the certificate of the judge appended to the record, for the law knows of no such proceeding or action of the judge. It has no legal significance or effect, being entirely outside of the record and without warrant of law and cannot be considered by this court for any purpose. As stated in Flaherty v. McCormick et al., 123 Ill. 532: "All oral motions in a chancery cause should be, and are supposed to be, noted upon the clerk's docket and a minute thereof made by the judge himself, and the motions, together with

the orders made thereon, should be duly entered of record by the clerk in making up his orders in the case. By this means they become a matter of record without the aid of a judge's certificate, or bill of exceptions, as required in a case at law. So where a motion is reduced to writing and filed in the cause, it is then as much a part of the record as anything else in it, and the setting it forth in such a certificate would add nothing to its force or validity. Indeed, the certificate of a judge as to what the motions and orders were in a chancery case, is just as inoperative and as much out of place as a statement in a bill of exceptions of the pleadings and the rulings of the court in respect to them would be in an action at law. Under our practice, the only certificate we can now recall which a judge is required to make in a chancery cause is what is known as a 'certificate of evidence;' yet the certificate in the present case does not, in our opinion, perform the functions of such a certificate." * * * "The sole office or function of a certificate of evidence in chancery causes, as its very name implies, is truly to set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve some other purpose is without warrant of law."

The record does not contain a certificate of evidence. It contains only those things that should be duly entered of record by the clerk, and the files in the cause. The motion to strike must therefore be denied.

It appears from the record that James E. Brown, receiver, on May 16, 1903, filed his petition and a report in which is shown a list of bills payable incurred in the administration of the property in the hands of the receiver and that the enumerated bills comprise all the administration expenses within the knowledge of the receiver except the fees of the receiver and his solicitors. In Exhibit "D" attached to his petition is set forth an itemized statement of receipts amounting to $854.21, and disbursements amounting to $866.95. In the receipts as stated appears a loan on receiver's certificate of $350. The administration expenses set out in the petition amount to $1,342.62, and the petition prays that suit-

McReynolds v. Brown.

able provision be made for the payment of the administration expenses and receiver's fees and the fees of his solicitors and that judgment be entered against the Association and- its members therefor.

It will be observed that twenty-three days had elapsed after the death of Fannie E. Shipman when the receiver first presented to the court the facts stated in the petition and asked for the relief therein prayed. The court, on June 20, 1903, fixed the receiver's fees at $1,000 and the solicitor's fees at $500 and ordered that these amounts be taxed as costs in the case, reserving the question of liability therefor, and on November 30, 1903, entered a judgment against Fannie E. Shipman and others for $2,842.62 for the above fees, expenses, etc.

On February 5, 1904, appellant having been appointed and having qualified as executor of the will of Fannie E. Shipman, presented his petition to the court suggesting the death of Fannie E. Shipman and prayed that the judgment of November 30, 1903, be vacated and set aside and that the execution issued thereon be quashed. Thereupon on the 10th day of March, 1904, the court entered the order and judgment appealed from, *nunc pro tunc* as of April 22, 1903.

It is clear that the judgment was erroneous. Waiving for the moment the propriety of entering common law judgments in chancery cases, the cause was not in such condition on April 22, 1903, that a final judgment could then have been entered. In Freeman on Judgments the author says (in section 59): "But in every case to entitle the applicant to have his judgment entered *nunc pro tunc* on account of the death of one of the parties, the action must at the time of such death have been ready for the rendition of the final judgment."

In Black on Judgments, vol. 1, section 133, the author says: "The rule that a judgment may be entered *nunc pro tunc,* when such action is necessary in order to save a party from being unjustly prejudiced by a delay caused by the act of the court in course of legal procedure, must be taken with an important restriction, viz., that such an entry is not proper

unless the case was in such a condition, at the date to which the judgment is to relate back, that a final judgment could then have have been entered immediately.  *  *  *  As it has been said, 'A judgment *nunc pro tunc* in case of death is proper only when a party dies after hearing, while the case is under advisement or after the case has proceeded so far that judgment can be entered, if not as a merely formal act, at least without the need of further inquiry or evidence into matters of fact involved in the controversy.'" Hazard v. Durant, 14 R. I., 25.

It is evident from the record that inasmuch as the receiver's petition and report, in which the claims were first presented to the court on which the judgment was entered, were not filed until May 16, 1903, and the evidence, if any was offered, as to fees of receiver and solicitor, was not heard by the court until June 20, 1903, the basis for the judgment did not exist on April 22, 1903, in any of the pleadings of the parties or in any action of the court. No judgment, therefore, could have been pronounced on that day.

The judgment is erroneous upon another ground. A receiver is not entitled to a judgment in his own name, as receiver, for costs in an equity case in which he is appointed and is acting as receiver. He is not a party to the cause by reason of his appointment as receiver, and is not entitled to any decree or judgment therein. His fees and expenses and the fees of his solicitor, when allowed by the court, should be taxed as a part of the costs in the case in the regular way.

Incorporating formal common law judgments in orders and decrees in equity, as was done in this case, is a practice not to be commended. It may not be erroneous, but it is certainly informal and irregular.

For the reasons given the motion to strike is denied and the decree and judgment of March 10, 1904, is reversed and the cause is remanded.

*Reversed and remanded.*