DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

**DURING THE YEARS 1917 and 1918.**

Minnie Richardson, Defendant in Error, v. Mary Lusk, Administratrix, et al., Plaintiffs in Error.

### Gen. No. 6,237.

1. JUDGMENT, § 238*—*when nunc pro tunc may be entered after death of party.* A trial court has the power to enter a *nunc pro tunc* judgment after the death of a party to an action where previous to such death verdict was rendered and the court had the case under advisement on a motion for a new trial.

2. APPEAL AND ERROR, § 1258*—*when error in rendition of judgment may not be complained of by defendant.* A defendant cannot complain of a judgment on remittitur for less than the amount fixed by verdict.

ON PETITION FOR REHEARING.

JUDGMENT, § 238*—*what is effect of Abatement Act on power to enter judgment nunc pro tunc after death of party.* Power to enter a judgment *nunc pro tunc* after death of a party against whom it is rendered from a date prior to his death and after verdict, and the case was under advisement on motion for new trial, is not denied by section 12 of the Abatement Act (J. & A. ¶ 12).

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1916.   Affirmed.   Opinion filed April 19, 1917.   Rehearing denied October 4, 1917.

COOKE, POPE & POPE, for plaintiffs in error.

CANTWELL & SMITH and E. V. ORVIS, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought in the Circuit Court of Lake county by the defendant in error Minnie Richardson against Lovina Raymond and five other defendants. The suit is in trespass, and the declaration charges that the defendants in the suit assaulted the plaintiff. There was a trial by a jury, and a verdict rendered at the December term of the court, on January 16, 1915, in favor of the plaintiff, for $2,500 against all the defendants in the case except Kate Wagner, who was found not guilty.

The defendants, including Lovina Raymond, entered into an oral motion for a new trial, and afterwards filed a written motion, on February 11, 1915; and the motion for a new trial was on that date argued and taken under advisement by the court. The December term of the court adjourned on February 19, 1915, with the motion for a new trial undisposed of.

On March 12, 1915, while the motion for a new trial was still pending, and no judgment yet entered, Lovina Raymond died. On March 15th, following, suggestion was made of the death of Lovina Raymond, and entered of record in the case. Afterwards Mary Lusk, as administratrix of the estate of Lovina Raymond, deceased, was substituted for the deceased party. Then on August 30, 1915, during the pendency of the motion for a new trial, the defendant in error entered a remittitur of $1,000. The motion for a new trial was then overruled, and thereupon a judgment *nunc*

*pro tunc* was entered on the verdict for $1,500 as of the date that the case was taken under advisement by the court, namely, February 15, 1915, which was prior to the death of Lovina Raymond. The judgment rendered was against all the plaintiffs in error, and includes Lovina Raymond.

The question raised on error has reference to the validity of a judgment *nunc pro tunc* which was rendered against a party, who is deceased at the time the entry was actually made, but was living at the date of the entry of the judgment. The power and propriety of courts of record, both trial courts, and courts of review, to enter judgments *nunc pro tunc*, after the death of a party to the record, and as of a day before such death, where the delay in the entry of the judgment was on account of the convenience or necessity of the court, and not on account of any fault of the party litigant, and where injustice would otherwise result to one or both parties to the record, is clearly established by the decisions in this and other jurisdictions. *Seymour v. O. S. Richardson Fueling Co.*, 205 Ill. 77; *Danforth v. Danforth*, 111 Ill. 236; *O'Sullivan v. People*, 144 Ill. 604; *Merchants Loan & Trust Co. v. Egan*, 143 Ill. App. 572; *McReynolds v. Brown*, 121 Ill. App. 261; *Bunker v. Green*, 48 Ill. 243; *Linn v. Brecher*, 90 Ill. App. 6; *Reid v. Holmes*, 127 Mass. 326; *Kelley v. Riley*, 106 Mass. 339; *Tapley v. Martin*, 116 Mass. 275; *Tapley v. Goodsell*, 122 Mass. 176.

Our Supreme Court in the case of *Bunker v. Green, supra*, passes directly upon the point here involved, and in discussing the matter in that case the court held: Where a trial was had in an action of trespass to personal property, and the jury found a verdict in favor of the plaintiff, and a motion for a new trial was entered, but not decided for several months; and in the meantime the plaintiff died, and the court thereupon rendered a judgment *nunc pro tunc*, as of the

term at which the trial was had, that said judgment would be a good and valid judgment if entered *nunc pro tunc,* as of a date before the death of the party; and after the day and date of entering the verdict. And the Appellate Court in the case of *Linn v. Brecher, supra,* and in the case of *Merchants Loan & Trust Co. v. Egan,* 143 Ill. App. 572, clearly holds, in the line of the authorities cited, that a trial court has the power to enter a *nunc pro tunc* judgment after the death of a party to the suit, where the verdict was rendered previous to such death, and the court had the case under advisement on a motion for a new trial.

We regard these authorities as decisive of the question here involved, and are of opinion that the entry of the judgment *nunc pro tunc* made in this case was regular and valid.

It is sufficient to say, in reference to the question raised by the plaintiffs in error concerning the remittitur of $1,000, thereby reducing the judgment below the amount fixed by the verdict of the jury, that the plaintiffs in error were not injured by such reduction, and are therefore not in position to raise any objection to the same.   The judgment is affirmed.

*Judgment affirmed.*

PER CURIAM:

On petition for rehearing plaintiff in error for the first time claims that section 12 of the Abatement Act (Hurd's St. page 2, J. & A. ¶ 12) is controlling on the question of entry of judgment as of a date prior to the death of her intestate.   That statute was not referred to in her briefs and therefore not discussed in the opinion.   We do not think the power to enter the judgment *nunc pro tunc* is denied by that section.   The rehearing is denied.